IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00951-BNB

CORNELIUS T. WILLIAMS,

    Applicant,

v.

JAMES FALK,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Cornelius T. Williams, is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility.  Mr. Williams has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  He has paid the $5.00 filing fee.

    On April 30, 2014, Magistrate Judge Boland directed the Respondent to file a Preliminary Response addressing the affirmative defenses of failure to exhaust state court and administrative remedies and the timeliness of the Application.  Respondent filed a Preliminary Response on May 21, 2014, asserting the affirmative defense of failure to exhaust state court remedies.  (ECF No. 12).  Applicant was thereafter allowed twenty-one days to file a Reply.  Mr. Williams did not reply, but instead filed a Letter with the Court on June 9, 2014  (ECF No. 13), which is non-responsive to the exhaustion defense asserted by Respondent.

    The Court must construe liberally the Application because Mr. Williams is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. The § 2241 Application will be dismissed for the reasons stated below.

Mr. Williams alleges in the Application that he commenced a nine-month prison education program in January 2012 but was expelled in August 2012 for "non-compliance and displaying negative behavior" without receiving a prior warning, in violation of his Fourteenth Amendment right to procedural due process. (ECF No. 1, at 2). Applicant alleges that he received an informal hearing before the expulsion. He further asserts that prison officials advised him that the expulsion was a non-grievable classification decision. Mr. Williams claims that he has been denied due process because "most of [his] education earn time has been taken as well as [his] regular and good time, too." (ECF No. 1, at 2). He alleges that he was sanctioned with "8 days loss of good time." (*Id.* at 3). For relief, he seeks the restoration of good- and earned-time credits.

Respondent argues in the Preliminary Response that Mr. Williams has failed to exhaust available state court remedies for his due process claim based on the loss of good time credits. Respondent further maintains that the Application is time-barred.

A habeas petitioner under § 2241 is required to exhaust both state court and administrative remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). A habeas petitioner "must have first fairly presented the substance of his federal habeas claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002); *Picard v. Connor*, 404 U.S. 270, 278 (1971) ("Fair presentation" requires that the "substance of a federal habeas corpus claim" must

have been presented to the state courts.).  The exhaustion requirement is satisfied if the petitioner presents his claim through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citations and internal quotation marks omitted).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Williams challenges his expulsion from the prison education program in August 2012 which resulted in the loss of good– and earned– time credits.  Applicant's remedy under state law was a petition for review under Colo. R. Civ. P. 106.5 or 106(a)(4) filed in the state district court.  *See Kodama v. Johnson*, 786 P.2d 417 (Colo. 1990); *Baldauf v. Roberts*, 37 P.3d 483, 484-85 (Colo. App. 2001); *Gerdees v. Director, Colorado Dept. Of Corrections*, 226 P.3d 1261, (Colo. App. 2010) (review under Colo. R. Civ. P. 106.5).  A petition for judicial review of a governmental body's quasi-judicial decision must be filed within 28 days after the final decision.  *See* C.R.C.P. 106(b); 106.5(a) (incorporating by reference, the provisions of Colo. R. Civ. P. 106(b)).

Mr. Williams' state court civil and criminal cases have been captured in the documentation submitted by Respondents.  (ECF No. 12-1).  The documentation reflects that Mr. Williams has not filed a Rule 106 or Rule 106.5 action in the state district court.  (*Id.*).

Normally, a federal habeas court will dismiss an unexhausted claim without prejudice so that the petitioner can return to state court and exhaust his available remedies.  However, if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural

default functions as a bar to federal habeas review. *Woodford v. Ngo,* ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006); *see also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991) (stating that if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred," then the petitioner is considered to have procedurally defaulted his claims and federal habeas review is precluded).  A procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman*, 501 U.S. at 750).

On June 19, 2014, Magistrate Judge Boyd N. Boland ordered Applicant to show cause, in writing and within twenty-one (21) days, why the Application should not be dismissed as procedurally barred.  (ECF No. 14).  The Court may raise the defense of procedural default *sua sponte* so long as the petitioner is afforded notice and an opportunity to respond.  *See Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992). Mr. Williams has not responded to the show cause order.  Accordingly, it is

ORDERED that the Motion for Leave to File an Amended Complaint (ECF No. 11), filed on May 1, 2014, is DENIED as futile.  The motion does not assert a new claim for relief, but rather attempts to bolster the allegations of the Application without addressing the issues of exhaustion of state court remedies and procedural default.  It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2241, filed by Applicant Cornelius T. Williams on April 2, 2014 is DENIED and this action is DISMISSED WITH PREJUDICE because the claims asserted in the Application are procedurally barred.[1]  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Williams has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Williams files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  17th  day of   July  , 2014.

BY THE COURT:

 s/Christine M. Arguello
CHRISTINE M. ARGUELLO, District Judge for
LEWIS T. BABCOCK, Senior Judge
United States District Court

---

[1] The Court need not address Respondent's additional argument that the Application is time-barred under 28 U.S.C. § 2244(d). The Court notes however, that Mr. Williams was still attempting to properly exhaust administrative remedies in March 2014.  (ECF No. 13, at 2). The one-year period does not commence until after a petitioner has exhausted his available administrative remedies.  *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir.2006) (holding that when a petitioner "timely and diligently exhausts his administrative remedies, [the] one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final.").